

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

December 20, 1949

Hon. Gordon K. Shearer
Executive Director
Texas State Parks Board
Austin, Texas

Opinion No. V-978

Re: The authority of the Texas State Parks Board to designate one of its regular employees to be also a "roving park keeper," thereby clothing him with regular park keeper powers in addition to the regular duties of the employee.

Dear Mr. Shearer:

You request an opinion on the following question:

Does the Texas State Parks Board have authority to designate one of its regular employees to be also a "roving park keeper," thereby clothing him with regular park keeper powers, including the powers of a peace officer, in addition to the regular duties of such employee?

You state the following as the reason for your request:

"There are times in which certain traveling administrative employees of the Texas State Parks Board who are not park keepers, find it necessary to take over temporarily the operation of a State Park after the resignation of a park keeper and before employment of his successor, or to assist a park keeper temporarily in operating and caring for a State Park. In connection with this, we find it essential that said traveling administrative employees also have the park keeper powers of a peace officer, and this is our reason for requesting this opinion."

The law does not lightly confer the powers of a peace officer upon an individual. The authority of a peace

officer must be derived either from the State Constitution or a statute. The Constitution is silent on the matter of keepers of State Parks acting as peace officers. However, the Legislature has conferred upon State Park keepers the powers and authority of a peace officer in Article 6069, V.C.S. The second paragraph of this Article reads as follows:

> "It shall further be the duty of said Board to arrange for or employ a keeper in each of the State Parks under the control of said State Parks Board, who shall be clothed with all the powers and authority of a peace officer of the county, for the purposes of caring for and protecting the property within said parks."

We do not believe that the Board has authority to confer the duties and concomitant powers of a park keeper upon an employee of the Board who is not in truth and in fact a park keeper. To call an employee a "park keeper" or "roving park keeper," who in fact is not a park keeper, in an attempt to clothe him with the powers of a peace officer, however well intended, would probably be viewed by our courts as an unauthorized enlargement upon the terms of Article 6069. The difficulty arises when the employee is considered a "roving peace officer." There is no authority either in the constitution, appropriation bill, or other statutes for a "roving park keeper"--much less for one with powers of a peace officer.

On the other hand, there is nothing in the statute that denies that a regular employee of the Park Board may serve as park keeper so long as he is in fact a park keeper. While we do not wish to construe the statute too strictly, yet, keeping in mind the cautious attitude the law has toward peace officers, a fair construction would give the powers of a peace officer to the man in charge of a park, whether he is the regular keeper or someone sent by the Board to act as keeper, there being no keeper. Anyone not in charge of the Park could not be considered a keeper, and therefore could not have the power of a peace officer. The legislative intent, it would seem, is to have each State Park in the charge of someone with powers of a peace officer. To carry out this intent, the Board may employ someone as a regular park keeper. If this keeper for any reason ceases to act as such, then, in order to carry out the intent of the

Legislature, the Board must at least "arrange for", if not employ, another person to carry on the duties of keeper. "Arrange for" may well include the designation of another employee to act as keeper. While thus temporarily acting as keeper, he would, of course, have the powers of a peace officer.

It is our opinion that while the regular employee may not be considered a "roving park keeper--peace officer," yet the Board may designate one of its regular employees as a park keeper of some specific park whenever the regular keeper of that park is not able to act as keeper.

That the efficiency of your department would be increased by clothing employees other than regularly designated keepers with continuous police powers is a matter which might be addressed to the consideration of the Legislature.

### SUMMARY

The Texas State Parks Board may appoint one of its regular employees as a temporary park keeper to serve as such until a regular keeper is able to take charge of the park. The Board has no authority under existing statutes to designate anyone, including one of its regular employees, as a park keeper who is not assigned to any park.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Mary Pearl Hall*

Mary Pearl Hall

MPH:eb:gw

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL